IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Craig Singleton, ) | C/A No. 0:12-1276-CMC-PJG |
|           Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security,[1] ) | |
|           Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, David Craig Singleton ("Singleton"), brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

## ADMINISTRATIVE PROCEEDINGS

In November 2009, Singleton applied for SSI. Singleton's application was denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 8, 2011 at which Singleton appeared and testified and was represented by Beatrice Whitten, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision dated September 15, 2011 finding that Singleton was not disabled. (Tr. 11-21.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Singleton was born in 1960 and was forty-nine years old on the date his application was filed. (Tr. 100.) He has a ninth-grade education and has past relevant work experience as a construction worker. (Tr. 141, 144.) Singleton alleges disability since June 2, 2004 due to a severely damaged hand/fractured left middle finger. (Tr. 140.)

The ALJ made the following findings and conclusions:

1. The claimant has not engaged in substantial gainful activity since November 10, 2009, the application date (20 CFR 416.971 *et seq*.).
   \* \* \*
2. The claimant has the following severe combination of impairments: degenerative disc disease, osteoarthritis, left upper extremity laceration, affective mood disorder, and history of a childhood closed head injury (20 CFR 416.920(c)).
   \* \* \*
3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
   \* \* \*
4. . . . [T]he claimant has the residual functional capacity to perform light work[] as defined in 20 CFR 416.967(b). The claimant can occasionally kneel, crouch, and crawl. He is unable to climb ladders. The claimant, who is left hand dominant, is limited to occasional handling and fingering with his left upper extremity. He is unable to perform production-based work.
   \* \* \*
5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
   \* \* \*
6. The claimant was born . . . [in] 1960 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
   \* \* \*
8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

Page 2 of 11



>national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> *   *   *
>
>10. The claimant has not been under a disability, as defined in the Social Security Act, since November 10, 2009, the date the application was filed (20 CFR 416.920(g)).

(Tr. 13-20.)

Singleton filed a request for Appeals Council review which was denied on April 10, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 1382c(a)(3)(H)(I), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 416.920(h).

at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

## ISSUES

Singleton raises the following issues for this judicial review:

I. The ALJ performed an incomplete Listing analysis[;]

II. The ALJ performed a flawed credibility analysis[;]

III. The ALJ performed an incomplete RFC analysis.

(Pl.'s Br., ECF No. 16.)

## DISCUSSION

### A. Listing 12.05

At Step Three of the sequential analysis, the Commissioner must determine whether the claimant meets the criteria of one of the Listings and is therefore presumptively disabled.  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added).  It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment.  20 C.F.R. § 416.925(d).  The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment.  20 C.F.R. § 416.908.  The Commissioner can also determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing.  20 C.F.R. § 416.926(a).

Singleton argues that the ALJ erred in finding that he did not meet Listing 12.05B, and alternatively in failing to address whether he met Listing 12.05C, for Mental Retardation. Specifically he contends that the ALJ erred in rejecting his valid full scale IQ score of 57. That Listing provides:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> B.    A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function . . . .

20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.

The United States Court of Appeals for the Fourth Circuit has recently made clear that in determining whether a claimant meets Listing 12.05, the ALJ must first find that the claimant satisfies the introductory paragraph to the Listing by finding that he has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22.  Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012).  Next, the Listing requires a claimant to satisfy one of four additional requirements, categorized in the Listing as Requirements A-D.  Here, contrary to Singleton's argument, the ALJ appears to have found that Singleton met Requirement B, which required that Singleton have a "valid verbal, performance, or full scale IQ of 59 or less," by acknowledging Singleton's Full Scale IQ measurement of 57.  However, the ALJ

appears to have found that Singleton did not meet the introductory paragraph, which applies to both Listing 12.05B and 12.05C, requiring "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22.[3]  20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.  For the reasons that follow, the court finds that Singleton has failed to show that this conclusion was unsupported by substantial evidence or controlled by an error of law.

Deficits in adaptive functioning "can include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." Jackson v. Astrue, 467 F. App'x 214, 218 (4th Cir. 2012) (citing Atkins v. Virginia, 536 U.S. 304, 309 n.3 (2002)).  The ALJ specifically found that Dr. Mark A. Williams, the doctor who conducted the neuropsychological evaluation and administered the IQ tests, "reported that the claimant's memory, attention, and processing speed revealed that he displayed no more than mild deficits relative to normative expectations, and was likely functioning in the borderline range of intelligence (Exhibit 19F)." (Tr. 14.)  Additionally, the ALJ supported his apparent conclusion that Singleton did not demonstrate deficits in adaptive functioning with his observations that Singleton "was able to take his medications independently, tend to his personal care, help with household chores, cook, sit in his yard, work in his yard, as well

---

[3] To the extent that the Commissioner argues that Singleton fails to satisfy the introductory paragraph solely because he was never diagnosed with mental retardation, the court finds this argument unavailing.  This court has previously stated that "a claimant's diagnosis, if there is one, is pertinent:  when a claimant has been diagnosed as mildly mentally retarded in a Listing 12.05C case, courts are more likely to affirm a finding of deficits in adaptive functioning prior to age 22 than if the claimant has the lesser diagnosis of borderline intellectual functioning." Weedon v. Astrue, C/A No. 0:11-2971-DCN-PJG, 2013 WL 1315311, at * 5 (Jan. 31, 2013), adopted in Weedon v. Colvin, 2013 WL 1315206 (D.S.C. Mar. 28, 2013) (citing Conyers v. Astrue, No. 4:11-CV-00037-D, 2012 WL 3282329, at *9 (June 29, 2012), adopted in 2012 WL 3283285 (E.D.N.C. Aug. 10, 2012); Salmons v. Astrue, No. 5:10CV195-RLV, 2012 WL 1884485, at *5 (W.D.N.C. May 23, 2012)).

as walk approximately halfway to the hearing." (Tr. 17.) Further, the ALJ stated that Dr. Williams reported that Singleton "was capable of performing simple work tasks and working around others in a casual and informal way, as long as his interaction with the public was minimal" and that as an adult Singleton was able to work in construction labor jobs after his reported remote history of brain injury. (Tr. 17-18.) The ALJ also observed that Dr. Williams opined in a medical source statement that Singleton "had no limitations in his ability to understand, remember, and carry out simple instructions, as well as make judgments on simple work related decision;" "had mild limitations in his ability to interact appropriately with the public, and respond appropriately to usual work situations and to changes in a routine work setting;" "had moderation limitations in his ability to interact appropriately with supervisors and co-workers;" and "had basic reading and math skills." (Tr. 18.)

**B.     Residual Functional Capacity**

The court next addresses Singleton's third issue. A claimant's residual functional capacity ("RFC") "is the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 416.945(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. § 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC.

As part of his argument regarding the ALJ's RFC analysis, Singleton submits that the ALJ erred in failing to evaluate the impact of Singleton's mental limitations on his RFC. As stated above, the ALJ found that Singleton retained the RFC to

> to perform light work[] as defined in 20 CFR 416.967(b). The claimant can occasionally kneel, crouch, and crawl. He is unable to climb ladders. The claimant,

> who is left hand dominant, is limited to occasional handling and fingering with his left upper extremity. He is unable to perform production-based work.

(Tr. 15.) With regard to Singleton's mental impairment, the Commissioner relies on the ALJ's finding that Singleton could not perform production-based work and the ALJ's limiting Singleton to unskilled work. Conceding that the ALJ found that Singleton had moderate difficulties with concentration, persistence, and pace (which the ALJ did not address in determining Singleton's RFC), the Commissioner argues that such moderate difficulties would not preclude Singleton from performing the jobs identified by the vocational expert of carton packer, ticket taker, and coupon recycler, which are unskilled. However, the hypothetical question presented to vocational expert did not mention Singleton's difficulties with concentration, persistence, and pace. Moreover, the court observes that some of the evidence offered in support of these difficulties was obtained after the ALJ conducted the hearing and questioned the vocational expert. The ALJ's RFC analysis fails to show that the ALJ considered any additional limitations that may have resulted from Singleton's difficulties in concentration, persistence, and pace. And courts have determined that merely limiting a claimant to simple or unskilled work or simple one or two-step tasks fails to account for such difficulties. See, e.g., Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008); Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004). Accordingly, the court is constrained to recommend remanding this matter, as the court is unable to determine whether the ALJ's decision that Singleton is not disabled is supported by substantial evidence based on the record before it.

**C.     Other Issues**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and

declining to address claimant's additional arguments). Moreover, if necessary, the plaintiff may present his remaining arguments on remand, including that the ALJ erred in discounting his credibility and that the RFC analysis is otherwise unsupported based on his limitations associated with his left hand. For example, Singleton argues that the ALJ erred in rejected his credibility in part based on his failure to seek low cost or no cost health care resources based on a record completed by Singleton indicating that he sought care at the Barrier Island Free Clinic and that his daily activities are not inconsistent with his statements concerning his ability to function.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 25, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).