**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| David Craig Singleton, ) | C/A No. 0:12-01276-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on April 26, 2013, recommends that the decision of the Commissioner be reversed and the matter remanded for further proceedings. Dkt. No. 21. Plaintiff filed objections to the Report on May 14, 2013 (Dkt. No. 41), arguing that the matter should be remanded for an additional reason. Dkt. No. 23. The Commissioner replied on May 31, 2013. Dkt. No. 25. For reasons stated below, the court agrees with the Report's ultimate recommendation to reverse the Commissioner's decision and remand the case to the Commissioner for further proceedings.

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. *See* Dkt. No. 42 at 1 n.1. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court refers to the Acting Commissioner as the Commissioner.

However, the court declines to adopt the Report as to Listing 12.05, and directs the ALJ to consider this allegation of error on remand.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through

application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report finds that the ALJ did not err in concluding that Plaintiff did not meet Listing 12.05, for Mental Retardation. Report at 7. To meet Listing 12.05, the ALJ must first find that the claimant satisfies the introductory paragraph to the Listing, which requires a finding that the claimant have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22. 20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05. *See also Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2003). Next, the Listing requires that the claimant meet one of four additional requirements, Requirements A-D. Requirement B is a "valid verbal, performance, or full scale IQ of 59 or less." *Id.*

The ALJ's findings on Listing 12.05 are as follows:

> While the claimant's attorney asserts that the claimant meets the requirements of Listing 12.05B, based upon the post-hearing consultative examination performed by Dr. Mark A. Williams, M.D., I disagree. Listing 12.05 requires significantly sub-average general intellectual functioning and deficits in adaptive functioning consistent with mental retardation with an onset during the developmental period (i.e., before age 22). Dr. Williams administered the WRAT-4 [Wide Range Achievement Test - Fourth Edition], and the claimant achieved a 2.3 grade equivalent in Word Reading, and a $3_{rd}$ grade equivalent in math Computation. On the WAIS-IV [Wechsler Adult Intelligence Scale - Fourth Edition], the claimant scored 63 on the

> Verbal Comprehension Index, 69 on the Perceptual Reasoning Index, 60 on the Working Memory Index, and 56 on the Processing Speed Index. Although the claimant's Full Scale IQ measured 57, Dr. Williams reported that the claimant's memory, attention, and processing speed revealed that he displayed no more than mild deficits relative to normative expectations, and was likely functioning in the borderline range of intelligence (Exhibit 19F).

Tr. 14.

The Report concludes that the ALJ's analysis of Listing 12.05 is without error. The Report finds that "the ALJ appears to have found that Singleton met Requirement B, which required that Singleton have a 'valid verbal, performance, or full scale IQ of 59 or less,' by acknowledging Singleton's Full Scale IQ measurement of 57." Report at 6. The Report also finds that "the ALJ appears to have found that Singleton did not meet the introductory paragraph, which applies to both Listing 12.05B and 12.05C, requiring 'significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested' before the age of 22." *Id.* at 6-7. Plaintiff objects to the Report's findings and argues that, as evident from the Report's use of the word "appears," it is not clear from the ALJ's discussion whether the ALJ rejected the IQ score or whether the ALJ found that Plaintiff did not meet the introductory paragraph requirement of deficits in adaptive functioning. The court agrees that the ALJ's Listing 12.05 analysis is not clear. In light of the remand on other issues, the ALJ is directed to explain whether Plaintiff meets Listing 12.05.

Based on the lack of objections as to remainder of the Report, the court reviews the Report's recommendation to reverse the Commissioner's decision and remand the matter to evaluate the impact of Plaintiff's mental limitations on his RFC, as well as to address Plaintiff's remaining arguments, for clear error. Having reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error, and finding none, the court adopts and

incorporates the remainder of the Report by reference. The Commissioner's decision is reversed and remanded to the Commissioner for further proceedings as discussed in the Report, and for the additional reason stated above.

## CONCLUSION

For reasons set forth above, the court declines to adopt the Report and Recommendation of the Magistrate Judge as to the ALJ's analysis of Listing 12.05. The remainder of the Report is adopted. The court reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 3, 2013